FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2016 AUG 16  P 1: 12

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

TSE/IDD

| | | |
|---|---|---|
| CERTIFICATION TRENDZ, LTD., a United Kingdom corporation; and FREETECH SERVICES, LTD., a United Kingdom corporation, | § § § § | |
| | § | Civil Action No. 1:16 cv 01048 |
| **Plaintiffs,** | § § | |
| v. | § § | |
| KASHIF RASHID a.k.a. "KASHIF RASHEED," an individual; JAMAL RAMZAN, an individual; ARIEL JAMES, an individual; ITSOLEXPERT, LTD., a United Kingdom corporation; QTECHSOL, LTD., a United Kingdom corporation; ALPOLINK (UK) LTD., a United Kingdom corporation; SELFTESTTRAINING, LTD., a United Kingdom corporation, EXAMTRENDS, LTD., a United Kingdom Corporation, and JOHN DOES 1-25, | § § § § § § § § § § § § § § | |
| **Defendants.** | § | |

## COMPLAINT

Plaintiffs Certification Trendz, Ltd. ("Certification Trendz") and FreeTech Services, Ltd.,

("FreeTech") (collectively "Plaintiffs"), by their attorneys, file this complaint against Kashif

Rashid, Jamal Ramzan, Ariel James, ITSOLEXPERT, Ltd., QTECHSOL, Ltd., ALPOLINK

(UK), Ltd., SELFTTESTTRAINING, Ltd., EXAMTRENDS, Ltd., and John Does 1-25,

(collectively, "Defendants"), alleging as follows:

## PARTIES

1.      Plaintiff Certification Trendz, Ltd. is a corporation organized under the laws of the United Kingdom, and is located at 31 Arden Close, Bradley Stoke, Bristol, United Kingdom BS328AX.

2.      Plaintiff FreeTech Services, Ltd. is a corporation organized under the laws of the United Kingdom, and is located at Ordman House London, Unit 1, 26 Cleveland Road, London, United Kingdom, E18 2AN.

3.      Plaintiffs are in the business of, among other things, providing Information Technology ("IT") testing and certification test preparation materials to individuals as a smart way to achieve certification success.  The testing and certification tools designed and developed by Plaintiffs' administrators and engineers include, among other things, study guides, practice exams, questions and answers, audio exams, and preparation labs.  These testing tools help individuals become proficient in a wide variety of IT subject matter used to certify competency of individuals in various technological fields.

4.      Defendant Kashif Rashid, also known as "Kashif Rasheed," is an individual residing in Pakistan whose exact residential address is unknown to Plaintiffs.  Mr. Rashid is or has been the Director of Defendant ITSOLEXPERT, Ltd. (Ex. 1, reproducing a true and correct copy of the web register at Companies House, the official UK government register of UK companies, representing same).  Mr. Rashid is or has also been the Director of Defendant ALPOLINK (UK), Ltd. (Ex. 2, reproducing a true and correct copy of the web register at Companies House representing same). Mr. Rashid also serves or has served as the director of Defendant QTECHSOL, Ltd.  (Ex. 3, reproducing a true and correct copy of the web register at Companies House representing same).

5.     Defendant Jamal Ramzan is an individual residing in Pakistan whose residential address is purported to be House No. 3, Street No. 15, Faisalabad, Punjab 38000, Pakistan.

6.     Upon information and belief, Defendant Ariel James whose residential address is purported to be 179 Montague Street, No. 800, New York, New York 11201.

7.     Defendant ITSOLEXPERT, Ltd. ("ITSOLEXPERT") is a United Kingdom corporation purportedly located at 102 Bressey Grove, South Woodford, London, E18 2HX. (*See* Ex. 4, reproducing a true and correct copy of the web register at Companies House representing same).

8.     QTECHSOL, Ltd. ("QTECHSOL") is a United Kingdom corporation purportedly located at 3 Leonards Avenue, Bristol, England, BS5 6BG. (*See* Ex. 5, reproducing a true and correct copy of the web register at Companies House representing same). Upon information and belief, QTECHSOL is presently or was at times relevant to this Complaint affiliated with the other Defendants.

9.     ALPOLINK (UK) Ltd. ("ALPOLINK") is a United Kingdom corporation purportedly located at 4th Floor 86-90 Paul St, London, London, EC2A 4NE. (*See* Ex. 6, reproducing a true and correct copy of the web register at Companies House representing same). Upon information and belief, ALPOLINK is presently or was at times relevant to this Complaint affiliated with the other Defendants.

10.    SELFTESTTRAINING, Ltd. ("SELFTESTTRAINING") is a United Kingdom corporation purportedly located at 26 York Street, London, UK, England, W1U 6PZ. (*See* Ex. 7, reproducing a true and correct copy of the web register at Companies House representing same). Upon information and belief, SELFTESTTRAINING is presently or was at times relevant to this Complaint affiliated with the other Defendants.

11.     Defendant EXAMTRENDS, Ltd. ("EXAMTRENDS") is a United Kingdom corporation purportedly located at 6 Hutton Terrace, Jesmond, Newcastle Upon Tyne, Tyne And Wear, NE2 1QT.  (*See* Ex. 8, reproducing a true and correct copy of the web register at Companies House representing same).   Upon information and belief, EXAMTRENDS is presently or was at times relevant to this Complaint affiliated with the other Defendants.

12.     Upon information and belief, Kashif Rashid, Ariel James, ITSOLEXPERT, QTECHSOL, ALPOLINK, SELFTESTTRAINING, and EXAMTRENDS are related or associated with one another and own and operate a number of websites in the field of test preparation that infringe on Plaintiffs' registered trademarks.

13.     Plaintiffs are unaware of the true names of defendants sued herein as John Does 1-25. Upon information and belief, John Does 1-25, either jointly with identified Defendants or otherwise, operate one or more of the Defendants' websites and proximately caused alleged injuries to the Plaintiffs mentioned herein.

## FACTS

14.     Certification Trendz is the owner of the entire right, title and interest in the federally registered trademark TEST KING®. (*See* Ex. 9, attached hereto as a true and accurate copy of the TEST KING® Certificate of Registration.)

15.     TEST KING® was registered by Certification Trendz on June 2, 2009 in the U.S. Patent and Trademark Office's ("PTO") Trademark Principal Register and assigned Reg. No. 3,630,272. (*Id.*). TEST KING® was first used in commerce on or about January 22, 2002. (*Id.*)

16.     Certification Trendz has widely promoted its TEST KING® mark in connection with the distribution, marketing, advertising and sale of its services in interstate commerce in the

United States and in foreign commerce throughout the world. Certification Trendz's goods and services are easily recognized because its websites and products prominently display the mark.

17.    FreeTech is the owner of the entire right, title and interest in the federally registered trademark PASS4SURE®. (*See* Ex. 10, attached hereto as a true and accurate copy of the PASS4SURE® entry in the PTO's online registry)

18.    PASS4SURE® was registered on December 13, 2011 in the PTO Trademark Principal Register and assigned Reg. No. 4,059,084.  (*Id*.).  The PASS4SURE® mark was assigned to FreeTech and the assignment was recorded with the patent office in 2015. (*See* Ex. 11, attached hereto as a true and accurate copy of the assignment record for the PASS4SURE® mark).

19.    FreeTech and its predecessors widely promoted its PASS4SURE® mark in connection with the distribution, marketing, advertising and sale of its services in interstate commerce in the United States and in foreign commerce throughout the world.  FreeTech's goods and services are easily recognized because its websites and products prominently display the mark.

20.    In an attempt to profit off the goodwill built by Plaintiffs, Defendants have engaged in a scheme to sell competing goods on a multitude of websites utilizing the Plaintiffs' TEST KING® and PASS4SURE® marks.

21.    Upon information and belief, one or more of the Defendants own and operate the originaltestking.com domain.

22.    Upon information and belief, one or more of the Defendants own and operate the originaltestking.net domain

23.     Upon information and belief, one or more of the Defendants own and operate the realtestking.net domain.

24.     Upon information and belief, one or more of the Defendants own and operate the testking.in domain.

25.     Upon information and belief, one or more of the Defendants own and operate the testkingcert.com domain.

26.     Upon information and belief, one or more of the Defendants own and operate the testkingcissp.com domain.

27.     Upon information and belief, one or more of the Defendants own and operate the testkingcram.com domain.

28.     Upon information and belief, one or more of the Defendants own and operate the testkingdumps.com domain.

29.     Upon information and belief, one or more of the Defendants own and operate the testkingone.net domain.

30.     Upon information and belief, one or more of the Defendants own and operate the testkingonline.net domain.

31.     Defendants'   originaltestking.com,   originaltestking.net,   realtestking.net, testking.in,   testkingcert.com,   testkingcissp.com,   testkingcram.com,   testkingdumps.com, testkingone.net, and testkingonline.net domains have caused, are causing, and will continue to cause mistake, and are deceiving and will continue to deceive as to affiliation, connection or association with the TEST KING® mark and Certification Trendz's products by using the TEST KING® mark to label Defendants' products and web pages.

Plaintiffs' Complaint                                   6

32.     Furthermore, upon information and belief, Defendants' originaltestking.com, originaltestking.net, realtestking.net, testking.in, testkingcert.com, testkingcissp.com, testkingcram.com, testkingdumps.com, testkingone.net, testkingonline.net and websites actively sell or have sold competing exam preparation materials, prominently display or have displayed the TEST KING® mark, and use or have used the TEST KING® mark to falsely brand Defendants' products.

33.     Upon information and belief, one or more of the Defendants own and operate the allpass4sure.com domain.

34.     Upon information and belief, one or more of the Defendants own and operate the apass4sure.net domain.

35.     Upon information and belief, one or more of the Defendants own and operate the apass4sures.com domain.

36.     Upon information and belief, one or more of the Defendants own and operate the apass4sures.net domain.

37.     Upon information and belief, one or more of the Defendants own and operate the ccnapass4sure.com domain.

38.     Upon information and belief, one or more of the Defendants own and operate the freepass4sure.com domain.

39.     Upon information and belief, one or more of the Defendants own and operate the ipass4sures.co domain.

40.     Upon information and belief, one or more of the Defendants own and operate the pass4-sure.com domain.

41.     Upon information and belief, one or more of the Defendants own and operate the pass-4sure.com domain.

42.     Upon information and belief, one or more of the Defendants own and operate the pass4sure.me domain.

43.     Upon information and belief, one or more of the Defendants own and operate the pass4sureacademy.com domain.

44.     Upon information and belief, one or more of the Defendants own and operate the pass4surebraindumps.com domain.

45.     Upon information and belief, one or more of the Defendants own and operate the pass4surecerts.com domain.

46.     Upon information and belief, one or more of the Defendants own and operate the pass4surecram.com domain.

47.     Upon information and belief, one or more of the Defendants own and operate the pass4suredumps.com domain.

48.     Upon information and belief, one or more of the Defendants own and operate the pass4suredumps.in domain.

49.     Upon information and belief, one or more of the Defendants own and operate the pass4sureexam.co domain.

50.     Upon information and belief, one or more of the Defendants own and operate the pass4sureexam.net domain.

51.     Upon information and belief, one or more of the Defendants own and operate the pass4sureit.com domain.

52.     Upon information and belief, one or more of the Defendants own and operate the pass4surenotes.com domain.

53.     Upon information and belief, one or more of the Defendants own and operate the pass4sures.co domain.

54.     Upon information and belief, one or more of the Defendants own and operate the pass4sures.com domain.

55.     Upon information and belief, one or more of the Defendants own and operate the pass4suress.com domain.

56.     Upon information and belief, one or more of the Defendants own and operate the pass4suretest.com domain.

57.     Upon information and belief, one or more of the Defendants own and operate the passforsure.co domain.

58.     Upon information and belief, one or more of the Defendants own and operate the passforsure.me domain.

59.     Defendants' allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass–4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com, pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me domains have caused, are causing and will continue to cause mistake, and are deceiving and will continue to deceive as to affiliation, connection or association with the PASS4SURE® mark and FreeTech's products by using the PASS4SURE® mark.

60. Furthermore, upon information and belief, Defendants' allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass-4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com, pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me websites actively sell or have sold competing exam preparation materials, prominently display or have displayed the PASS4SURE® mark, and use or have used the PASS4SURE® mark to falsely brand Defendants' products.

**JURISDICTION AND VENUE**

61. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, (1994) (the "Lanham Act") and common law unfair competition.

62. This is also an action for injunctive relief pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1).

63. This is also an action for civil conspiracy under the laws of the commonwealth of Virginia, Va. Code §§ 18.2-499, -500.

64. This Court has original and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (acts of Congress related to trademarks); 28 U.S.C. § 1338(b) (unfair competition claims joined with related claims under trademark laws), and 15 U.S.C. §§ 1116 and 1121(a) (jurisdiction over actions for violations of the rights of registered marks).

65.     This Court has supplemental jurisdiction over Plaintiffs' related state and common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because the claims are so related to Plaintiffs' claims under federal laws that they form part of the same case or controversy and derive from a common nucleus of operative facts.

66.     Upon information and belief, this Court has personal jurisdiction over all Defendants, all of whom conducted business activities in, and directed to, the Commonwealth of Virginia, own property in this judicial district, reached into the forum to solicit or initiate business, deliberately engaged in significant or long-term business activities in the forum state, or performed contractual duties within the forum.  Defendants' contacts with the forum state form the basis of the suit and Plaintiffs' claims arise out of the activities directed at the forum.

67.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (relating to location of events giving rise to claims and situation of property that is subject of the action) because a substantial portion of the events or omissions giving raise to the claims occurred in the District, and because VeriSign, Inc., the domain name registry for the top-level domain ".com" and ".net" is located in this judicial district.

68.     Joinder of Plaintiffs is proper pursuant to Fed. R. Civ. P. 20(a)(1)(B) because Defendants operate a common scheme to trade off the intellectual property of each Plaintiff and this action involves common questions of law and fact as to all Plaintiffs.

## COUNT I
### (Trademark Infringement of TEST KING®, 15 U.S.C. §1114)

69.     Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 68.

70.     Defendants are using marks that are confusingly similar to Certification Trendz's registered TEST KING® mark.  Defendants marks are used in commerce and in connection with

the sale, offering for sale, distribution, or advertising of goods and services and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants goods are manufactured or distributed by Certification Trendz, or associated or connected with Certification Trendz, or have the sponsorship, endorsement, or approval of Certification Trendz in violation of 15 U.S.C. § 1114.

71.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Certification Trendz's goodwill and reputation as symbolized by the registered mark TEST KING®.   Certification Trendz has no adequate remedy at law for this injury.

72.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Certification Trendz's registered mark, to the great and irreparable harm of Certification Trendz.

73.     By reason of Defendants' acts, Certification Trendz has suffered and continues to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it would have made but for Defendants' acts, in an amount to be proven at trial.

74.     Certification Trendz is entitled to injunctive relief to enjoin this infringement and to recover Defendants' profits, Plaintiff's damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### COUNT II
#### (Cybersquatting of TEST KING®, 15 U.S.C. § 1125(d))

75.     Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 74.

76.     Upon information and belief, Defendants, as registrant of the domain names originaltestking.com, originaltestking.net, realtestking.net, testking.in, testkingcert.com, testkingcissp.com, testkingcram.com, testkingdumps.com, testkingone.net, and testkingonline.net have a bad faith intent to profit from Certification Trendz's protected TEST KING® mark.

77.     Defendants have registered, trafficked in, and/or used the originaltestking.com, originaltestking.net, realtestking.net, testking.in, testkingcert.com, testkingcissp.com, testkingcram.com, testkingdumps.com, testkingone.net, and testkingonline.net domain names, which are identical or confusingly similar to, or dilutive of Certification Trendz's TEST KING® mark in violation of 15 U.S.C. § 1125(d).

78.     The Defendants' violations of 15 U.S.C. § 1125(d) are causing and will continue to cause great and irreparable injury to Plaintiff.

79.     Certification Trendz is entitled to an injunction against the Defendants and such other relief as may be permitted under 15 U.S.C. § 1125 including the transfer of originaltestking.com, originaltestking.net, realtestking.net, testking.in, testkingcert.com, testkingcissp.com, testkingcram.com, testkingdumps.com, testkingone.net, and testkingonline.net, and testkingonline.net to Certification Trendz.

## COUNT III
**(Common Law Unfair Competition Against Certification Trendz)**

80.     Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 79.

81.     As a result of the experience, care and service of Certification Trendz in providing certification exam testing tool products, the Certification Trendz has become widely known and has acquired a worldwide reputation for its quality products and services.  Moreover, the TEST

KING® mark has become associated with Certification Trendz's services, and has come to symbolize the reputation for quality and excellence of the services.

82.    Upon information and belief, Defendants, with full knowledge of the TEST KING®, intended to and did trade on the goodwill associated with the mark.

83.    Defendants acts have and continue to mislead and deceive the public as to the source of Defendants' goods and services and have falsely suggested a connection with Certification Trendz through Defendants' misuse of the TEST KING® mark. Therefore, Defendants have engaged in unfair competition in violation of the laws of the Commonwealth of Virginia.

84.    As a direct and proximate result of Defendants' conduct, Certification Trendz has suffered damages to its valuable mark, and other damages in an amount to be proved at trial.

85.    Certification Trendz does not have an adequate remedy at law, and will continue to be damaged by Defendants' activities unless this Court enjoins Defendants from such fraudulent business practices.

**COUNT IV**
**(Conspiracy to Injure a Business, Va. Code §§ 18.2-499, *et seq.* Against Certification Trendz)**

86.    Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 85.

87.    Upon information and belief, Defendants were and are, by and between one another, engaged in a conspiracy to injure the business of Certification Trendz by systematically misappropriating its trademark, goodwill, and by unfairly competing with Certification Trendz.

88.    Upon information and belief, in light of the malicious acts set forth herein, each of the respective Defendants attempted to and did combine, associate, agree, mutually undertake

and concert together for the purpose of willfully and maliciously injuring Certification Trendz in its reputation, trade, and business in violation of Virginia Code §18.2-499.

89.    As a direct and proximate result of Defendants' conspiracy, Certification Trendz is entitled to injunctive relief and to recover three-fold damages to be proven at trial, the costs of suit, reasonable attorney's fees and lost profits per Virginia Code §18.2-500.

**COUNT V**
**(Constructive Trust Upon Illegal Profits As To Certification Trendz)**

90.    Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 89.

91.    Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful conduct in infringing and trading on the goodwill of the TEST KING® mark, and all wrongful activity as set forth herein.

92.    By virtue of Defendants' wrongful acts and conduct, Defendants have illegally received money and profits that rightfully belong to Certification Trendz.

93.    Furthermore, Certification Trendz is entitled to recover all profits of Defendants attributable to violations of the Lanham Act pursuant to 15 U.S.C. § 1117.

94.    Certification Trendz is not presently aware of where Defendants may have deposited all of their illegal profits from their wrongful acts against Certification Trendz. Certification Trendz believes that Defendants' illegal profits, whether in the form of bank accounts, or in the form of real or personal property, will eventually be traced.

95.    As a result of the conduct of Defendants as alleged herein, Certification Trendz is entitled to a constructive trust on the illegal profits of the Defendants for the benefit of Certification Trendz.

### COUNT VI
### (Unjust Enrichment As To Certification Trendz)

96.     Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 95.

97.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Certification Trendz.  Specifically, Defendants' unlawful and unfair acts as described above have enabled defendants to benefit from use of Certification Trendz's intellectual property, unjustly enriching Defendants at an amount to be proven at trial.

98.     Defendants should be required to disgorge this unjust enrichment.

### COUNT VII
### (Accounting As To Certification Trendz)

99.     Certification Trendz realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 98.

100.    Pursuant to 15 U.S.C. § 1117 Certification Trendz is entitled to recover all profits of Defendants attributable to violations of the 15 U.S.C. § 1125(a) and (d).

101.    The amount of money due to Certification Trendz from Defendants is unknown to Certification Trendz and cannot be ascertained without a detailed accounting of the quantity of infringing material offered for distribution, displayed, distributed, or profited upon by Defendants on the infringing websites, or the number of individuals that gained access to Defendants' infringing materials.

### COUNT VIII
### (Trademark Infringement of PASS4SURE®, 15 U.S.C. §1114)

102.    FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 101.

Plaintiffs' Complaint                                16

103. Defendants are using marks that are confusingly similar to FreeTech's registered PASS4SURE® mark. Defendants marks are used in commerce and in connection with the sale, offering for sale, distribution, or advertising of goods and services and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants goods are manufactured or distributed by FreeTech, or associated or connected with FreeTech, or have the sponsorship, endorsement, or approval of FreeTech in violation of 15 U.S.C. § 1114.

104. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to FreeTech's goodwill and reputation as symbolized by the registered mark PASS4SURE®. FreeTech has no adequate remedy at law for this injury.

105. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with FreeTech's registered mark, to the great and irreparable harm of FreeTech.

106. By reason of Defendants' acts, FreeTech has suffered and continues to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it would have made but for Defendants' acts, in an amount to be proven at trial.

107. FreeTech is entitled to injunctive relief to enjoin this infringement and to recover Defendants' profits, Plaintiff's damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT IX
### (Cybersquatting of PASS4SURE®, 15 U.S.C. § 1125(d))

108. FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 107.

109.    Upon information and belief, Defendants, as registrant of the domain names allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass-4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com, pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me have a bad faith intent to profit from FreeTech's protected PASS4SURE® mark.

110.    Defendants have registered, trafficked in, and/or used the allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass-4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com, pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me domain names, which are identical or confusingly similar to, or dilutive of FreeTech's PASS4SURE® mark in violation of 15 U.S.C. § 1125(d).

111.    The Defendants' violations of 15 U.S.C. § 1125(d) are causing and will continue to cause great and irreparable injury to Plaintiff.

112.    FreeTech is entitled to an injunction against the Defendants and such other relief as may be permitted under 15 U.S.C. § 1125 including the transfer of allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass-4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com,

pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me to FreeTech.

## COUNT X
### (Common Law Unfair Competition Against FreeTech)

113.    FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 112.

114.    As a result of the experience, care and service of FreeTech in providing certification exam testing tool products, the FreeTech has become widely known and has acquired a worldwide reputation for its quality products and services.   Moreover, the PASS4SURE® mark has become associated with FreeTech's services, and has come to symbolize the reputation for quality and excellence of the services.

115.    Upon information and belief, Defendants, with full knowledge of the PASS4SURE®, intended to and did trade on the goodwill associated with the mark.

116.    Defendants' acts have and continue to mislead and deceive the public as to the source of Defendants' goods and services and have falsely suggested a connection with FreeTech through Defendants' misuse of the PASS4SURE® mark.   Therefore, Defendants have engaged in unfair competition in violation of the laws of the Commonwealth of Virginia.

117.    As a direct and proximate result of Defendants' conduct, FreeTech has suffered damages to its valuable mark, and other damages in an amount to be proved at trial.

118.    FreeTech does not have an adequate remedy at law, and will continue to be damaged by Defendants' activities unless this Court enjoins Defendants from such fraudulent business practices.

## COUNT XI
### (Conspiracy to Injure a Business, Va. Code §§ 18.2-499, *et seq.* Against FreeTech)

119. FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 118.

120. Upon information and belief, Defendants were and are, by and between one another, engaged in a conspiracy to injure the business of FreeTech by systematically misappropriating its trademark, goodwill, and by unfairly competing with FreeTech.

121. Upon information and belief, in light of the malicious acts set forth herein, each of the respective Defendants attempted to and did combine, associate, agree, mutually undertake and concert together for the purpose of willfully and maliciously injuring FreeTech in its reputation, trade, and business in violation of Virginia Code §18.2-499.

122. As a direct and proximate result of Defendants' conspiracy, FreeTech is entitled to injunctive relief and to recover three-fold damages to be proven at trial, the costs of suit, reasonable attorney's fees and lost profits per Virginia Code §18.2-500.

## COUNT XII
### (Constructive Trust Upon Illegal Profits As To FreeTech)

123. FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 122.

124. Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful conduct in infringing and trading on the goodwill of the PASS4SURE® mark, and all wrongful activity as set forth herein.

125. By virtue of Defendants' wrongful acts and conduct, Defendants have illegally received money and profits that rightfully belong to FreeTech.

126. Furthermore, FreeTech is entitled to recover all profits of Defendants attributable to violations of the Lanham Act pursuant to 15 U.S.C. § 1117.

127.     FreeTech is not presently aware of where Defendants may have deposited all of their illegal profits from their wrongful acts against FreeTech.   FreeTech believes that Defendants' illegal profits, whether in the form of bank accounts, or in the form of real or personal property, will eventually be traced.

128.     As a result of the conduct of Defendants as alleged herein, FreeTech is entitled to a constructive trust on the illegal profits of the Defendants for the benefit of FreeTech.

### COUNT XIII
### (Unjust Enrichment As To FreeTech)

129.     FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 128.

130.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of FreeTech.   Specifically, Defendants' unlawful and unfair acts as described above have enabled defendants to benefit from use of FreeTech's intellectual property, unjustly enriching Defendants at an amount to be proven at trial.

131.     Defendants should be required to disgorge this unjust enrichment.

### COUNT XIV
### (Accounting As To FreeTech)

132.     FreeTech realleges and incorporates by reference herein all of the allegations of Paragraphs 1 through 131.

133.     Pursuant to 15 U.S.C. § 1117 FreeTech is entitled to recover all profits of Defendants attributable to violations of the 15 U.S.C. § 1125(a) and (d).

134.     The amount of money due to FreeTech from Defendants is unknown to FreeTech and cannot be ascertained without a detailed accounting of the quantity of infringing material offered for distribution, displayed, distributed, or profited upon by Defendants on the infringing websites, or the number of individuals that gained access to Defendants' infringing materials.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief against Defendants:

i.      That the Court enter judgment against Defendants that they have willfully infringed Certification Trendz's TEST KING® trademark rights under 15 U.S.C. §§ 1114 and 1125;

ii.     That the Court enter judgment against Defendants that they have willfully infringed FreeTech's PASS4SURE® trademark rights under 15 U.S.C. §§ 1114 and 1125;

iii.    That the Court issue preliminary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants be enjoined and restrained from:

(1) Using the TEST KING® mark or any confusingly similar variation of the TEST KING® mark;

(2) Using the originaltestking.com, originaltestking.net, realtestking.net, testking.in, testkingcert.com, testkingcissp.com, testkingcram.com, testkingdumps.com, testkingone.net, and testkingonline.net domains or any domain that promotes Defendants' unlawful infringement of the TEST KING® mark;

(3) Using the PASS4SURE ® mark or any confusingly similar variation of the PASS4SURE® mark;

(4) Using the allpass4sure.com, apass4sure.net, apass4sures.com, apass4sures.net, ccnapass4sure.com, freepass4sure.com, ipass4sures.co, pass4-sure.com, pass-

4sure.com, pass4sure.me, pass4sureacademy.com, pass4surebraindumps.com, pass4surecerts.com, pass4surecram.com, pass4suredumps.com, pass4suredumps.in, pass4sureexam.co, pass4sureexam.net, pass4sureit.com, pass4surenotes.com, pass4sures.co, pass4sures.com, pass4suress.com, pass4suretest.com, passforsure.co, and passforsure.me domains or any domain that promotes Defendants' unlawful infringement of the PASS4SURE® mark;

(5) Transferring any website domain identified in paragraphs 21 through 60 of this complaint; and

(6) Assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (1) through (5) above.

iv.   That the Court enter an Order:

(1) Transferring the all website domains identified in paragraphs 21 through 32 of this complaint to Certification Trendz.

(2) Transferring the all website domains identified in paragraphs 33 through 60 of this complaint to FreeTech.

(3) Issuing an accounting and restitution of any profits the Defendants have gained though their wrongful acts; and

(4) Compelling Defendants to hold in trust, as constructive trustees for the benefit of Certification Trendz and FreeTech, their illegal profits gained from their wrongful acts.

v.   That Plaintiff be awarded actual damages in an amount to be proven at trial;

vi.      That Plaintiffs be awarded exemplary and punitive damages sufficient to punish Defendants for their malicious and intentional infringement and to deter similar misconduct by Defendants and other in an amount to be proven at trial;

vii.      That Plaintiffs be awarded all costs of their investigation and prosecution of this action, including reasonable attorneys' fees;

viii.      That Plaintiffs be awarded all entitled relief as set forth herein and such other and further relief in law or in equity as the Court may deem just and proper.

Dated: August 16, 2016

Respectfully submitted,

**McKOOL SMITH P.C.**

By: Brandon M. Jordan
Virginia State Bar No. 75054
McKool Smith
1999 K Street, NW
Suite 600
Washington, D.C. 20006
Tel: (202) 370-8387
Fax: (202) 370-8344
bjordan@mckoolsmith.com

Robert A. Auchter
D.C. Bar No. 441669
McKool Smith
1999 K Street, NW
Suite 600
Washington, D.C. 20006
Tel: (202) 370-8303
Fax: (202) 370-8344
rauchter@mckoolsmith.com
*Pro Hac Vice motion to be filed*

**ATTORNEYS FOR PLAINTIFFS
CERTIFICATION TRENDZ, LTD. AND
FREETECH SERVICES, LTD.**